UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMAL BAKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:22-cv-00147-JRS-MKK |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Jamal Baker, who is serving a federal sentence at the Federal Correctional Institution in Terre Haute, Indiana, filed this petition for a writ of habeas corpus claiming that the Federal Bureau of Prisons ("BOP") wrongfully denied him time credits toward his sentence. He argues that he has been denied First Step Act time credits because he is not assessed as a low or minimum recidivism risk in violation of 18 U.S.C § 3624. Dkt. 1 at 5. The United States argues in response that this action should be dismissed because Mr. Baker failed to exhaust his administrative remedies prior to filing his habeas petition and because his claim lacks merit. *See* dkt. 9. For the reasons explained below, Mr. Baker is not entitled to relief, and his petition is **denied**.

**I. Background**

*A. First Step Act, PATTERN Scores, and Time Credits*

The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

As relevant here, the FSA required the Attorney General to develop a "risk and needs assessment system" (referred to in the statute as "the System") to be used by the BOP to, among other things, determine the recidivism risk of all federal prisoners; classify prisoners as being at a minimum, low, medium, or high risk of recidivism; place prisoners in appropriate evidence-based recidivism reduction programs or productive activities so that all prisoners have a meaningful opportunity to reduce their classification; and reassess the recidivism risk of each prisoner periodically. 18 U.S.C. § 3632(a)(1), (3), (4), and (5). In compliance with the Act's mandate to develop "the System," the BOP created and published the "Prisoner Assessment Tool Targeting Estimated Risk and Needs," a risk assessment tool, otherwise known as PATTERN. *See* BOP Program Statement 5410.01: First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), dated November 18, 2022, at Section 5.

Under the FSA and PATTERN, inmates convicted of non-violent crimes can earn 10 days of FSA time credit for every 30 days of successful participation in qualifying programming and productive activities regardless of their PATTERN recidivism risk score. 18 U.S.C. § 3632(d)(4). Inmates who receive a minimum or low PATTERN recidivism risk score over two consecutive assessments can also earn an additional five days of time credits (for a total of 15 days) for every 30 days of successful participation in qualifying programming or productive activities. 18 U.S.C. § 3632(d)(4)(A)(ii). Thus, a prisoner's PATTERN score may affect the rate at which an inmate earns FSA time credits.

The FSA time credits can be used to obtain prerelease custody or early transfer to supervised release, but only when certain requirements are met.[1] Specifically, to be eligible for

---

[1] The FSA also changed the amount of good time credit that federal prisoners can earn toward their sentences and the ways they can earn such credit. Good time credits or "credit toward service of sentence for satisfactory behavior" provides that a prisoner can earn up to 54 days for each year of the prisoner's

2

prerelease custody or early transfer to supervised release, the inmate must have (1) demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk; and (2) earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A)–(B). For placement in prerelease custody, § 3624(g) also requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or that the Warden specifically approved the placement. 18 U.S.C. § 3624(g)(1)(D)(i). Likewise, for early transfer to supervised release, § 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment." 18 U.S.C. § 3624(g)(1)(D)(ii).[2] Read together, these statutory provisions mean that no one with a high PATTERN recidivism risk score can use their FSA time credits to obtain placement in prerelease custody or on supervised release.

### B. Baker's Time Credits

Mr. Baker is presently serving an 81-month sentence pursuant to his 2019 conviction under 18 U.S.C. § 922(g)(1) and 924(a)(2) for one count of possession of a firearm by a convicted felon. *United States v. Baker*, No. 6:19-cr-02023-LTS-MAR (N.D. Iowa Nov. 15, 2019) (Judgment in a Criminal Case, crim. dkt. 34 at 1–2). His sentence includes a three-year term of supervised release. *Id.,* crim. dkt. 34 at 3. His current projected release date (with good-conduct time included) is

---

sentence imposed by the court. 18 U.S.C. § 3624(b). This good time credit reduces a prisoner's sentence. Mr. Baker's petition does not challenge his good time credits.

[2] The application of earned time credits under the FSA is subject to another important limitation – where a prisoner's sentence includes a term of supervised release, the BOP can "transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3). In other words, a prisoner may be transferred to supervised release early based on credits earned under the FSA, but not more than a year earlier than he otherwise would have been transferred to supervised release. *Jones v. Keyes*, No. 22-CV-533-JDP, 2023 WL 4474624, at *2 (W.D. Wis. June 9, 2023) (noting that "[o]ne year is the maximum amount of First Step Act time credits that may be applied toward an inmate's placement in supervised release. 18 U.S.C. § 3624(g)(3).").

3

January 21, 2025. Dkt. 9-1 at ¶ 4. Mr. Baker has earned some FSA time credits by completing some qualifying programming and productive activities. *Id.* at ¶ 9. The BOP has, however, refused to apply those credits to accelerate his eligibility for prerelease confinement or supervised release because his PATTERN score is currently High, and his previous PATTERN score was also High. *Id.* at ¶ 5. Mr. Baker argues that this refusal is contrary to statute.

## II. Discussion

The respondent argues that Mr. Baker's petition should be dismissed because Mr. Baker did not exhaust his administrative remedies before filing this action and because he has failed to show his entitlement to relief on the merits.

### A. *Exhaustion*

First, the respondent argues that Mr. Baker failed to exhaust his administrative remedies before he filed this habeas petition. Petitions filed under 28 U.S.C. § 2241 are subject to a "common-law exhaustion rule." *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004). The BOP has an administrative remedy process through which inmates can seek review of complaints about their imprisonment. 28 C.F.R. § 542.10. That process requires an inmate to complete the following steps: (1) an informal remedy request, (2) a formal request at the facility level, (3) an appeal to the regional director, and (4) an appeal to the general counsel. 28 C.F.R. §§ 542.13–542.15.

The respondent argues that Mr. Baker has not submitted any administrative remedy requests during his time in BOP custody and thus has not exhausted his administrative remedies with respect to his petition. Dkt. 9 at 5. Mr. Baker responds, however, that the administrative remedy process was not available to him and that he was not required to exhaust a matter of statutory interpretation. Dkt. 10 at 2. Given the novel defense to exhaustion raised by Mr. Baker, the Court finds that judicial efficiency would be best served in reviewing Mr. Baker's claim on the

merits. *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)) (both approving ability of district courts to bypass questions of exhaustion for judicial expediency).

### B. Merits

Mr. Baker argues that the BOP has failed to properly apply his FSA time credits to speed up his eligibility for prerelease confinement or supervised release. The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). Mr. Baker's challenge to the BOP's calculation of his sentence was properly filed in this habeas petition brought pursuant to § 2241. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("[C]hallenges to the computation of a sentence must be brought under 28 U.S.C. § 2241.").

Mr. Baker argues that he is entitled to relief because the FSA does not allow the BOP to condition the application of FSA time credits on an inmate's PATTERN score. Dkt. 9 at 3; dkt. 2 at 1-2. For the reasons explained below, Mr. Baker is mistaken.

FSA time credits are contingent on numerous factors, including PATTERN scores; they are not statutorily mandated. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974) (time credits create a liberty interest when they are statutorily mandated). Mr. Baker's last two PATTERN scores were High, and thus he is not eligible to apply FSA time credits to obtain prerelease custody or supervised relief. 18 U.S.C. § 3624(g)(1)(B) (limiting eligible prisoners to those who have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or [have] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment."). *See Thomas v. Williams,* No. 21-CV-00194-NJR, 2022 WL 18027460, at *2 (S.D. Ill. Dec. 30, 2022)

("Until Thomas receives a 'minimum' or 'low' PATTERN score, he is ineligible to receive earned-time credits under the First Step Act."); *Booker v. Williams*, No. 21-CV-00215-JPG, 2022 WL 4314362, at *4 (S.D. Ill. Sept. 19, 2022) ("[B]ecause Petitioner has a 'high' recidivism, before his credits are applied to his sentence, he must achieve a lower recidivism risk criteria before application.").

In short, Mr. Baker has failed to show his entitlement to relief on this § 2241 petition. He has not shown that he is entitled to the application of FSA time credits under the FSA, and he therefore is not entitled to habeas relief.

### III. Conclusion

Jamal Baker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied** and this action is dismissed with prejudice. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 12/22/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMAL BAKER
18000-029
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov